## Young v. Heater.

1. **Domestic Relations**: GRATUITOUS SUPPORT OF CHILD: FACTS CONSTITUTING. Where plaintiff took and agreed to care for an infant child of defendant for an indefinite time, for no other compensation than the society and services of the child, and, after some eight years, she voluntarily gave the child up to defendant, with the understanding that the contract was at an end, and made no claim for compensation till more than a year afterwards, *held* that she could not recover.

*Appeal from Crawford District Court.*

FRIDAY, JUNE 6.

THIS is an action at law, in which the plaintiff claims of the defendant some $1,300 for services and expenses in keeping and maintaining a minor child of the defendant for some eight years. There was a trial by jury, and a verdict and judgment for the defendant. Plaintiff appeals.

*Cardell & Shortley*, for appellant.

*McDuffie & Howard*, for appellee.

ROTHROCK, CH. J.—After the introduction of the evidence in the case, the court instructed the jury to return a verdict for the defendant, upon the ground that there was no warrant in the evidence to sustain a verdict for the plaintiff.

It appears from the evidence that the defendant's wife died in the year 1870, and that the child in question was then but a few months old. Sometime afterwards, an arrangement was made between the plaintiff and defendant, by which plaintiff took the child and kept it until it was one year old, at an agreed compensation, which was fully paid. Afterwards an arrangement was made by which the plaintiff undertook to keep and maintain the child without any money compensation to be paid by the defendant. The sole consideration for such keeping and maintenance was to be the society

of the child, and its services to the plaintiff. How long this arrangement was to continue is a matter of dispute between the parties. The plaintiff claims that she made a contract with defendant by which she was entitled to keep the child until it should arrive at the age of eighteen years. The defendant claims that no time was fixed when the contract was to be at an end. If this were all the evidence touching the rights of the parties, the case should not have been taken from the jury. But it appears that, after the lapse of some years, the defendant desired to take the care of the child, he having again married and provided a home for it. An arrangement was then made between the parties, by which the plaintiff surrendered the custody of the child to the defendant, and we think the evidence conclusively shows that the surrender was made voluntarily, and with the understanding that the contract was at an end, and that there was then no expectation that any claim would be made by the plaintiff for past services in caring for the child. It appears that the plaintiff was perfectly willing to surrender the child; that she prepared her to go by furnishing her a trunk and packing her clothing and playthings therein. The plaintiff in her testimony admitted that she was willing to let the child go, "provided she went with her own free will" and that "she (the child) wanted to go." No claim was made by plaintiff for any compensation at that time, nor for more than a year afterwards. We think that, under these undisputed facts, the court correctly advised the jury to return a verdict for the defendant.

AFFIRMED.